UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

**MARCUS J. LAWRENCE, SR.**                                                                  **PLAINTIFF**

v.                                                       **CIVIL ACTION NO. 1:16-CV-P115-GNS**

**UNITED STATES OF AMERICA** *et al.*                                      **DEFENDANTS**

**MEMORANDUM OPINION**

      Plaintiff Marcus J. Lawrence Sr. filed a complaint which he captioned as a "FEDERAL WARRANT OF ARREST" (DN 1). Plaintiff sues the following six Defendants: (1) the United States of America; (2) the State of Kentucky; (3) the County of Warren; (4) the City of Bowling Green; (5) the Commonwealth of Kentucky; and (6) Renae M. Tuck. For the reasons that follow, this action will be dismissed for lack of subject-matter jurisdiction.

**I.**

      As grounds for his complaint, Plaintiff states,

> IT IS NOW ORDERED, COMMANDED & DEMANDED THAT ALL UNITED STATES COURTS, CLERKS, OFFICERS, JUDGES, PROSECUTORS, AGENTS, CONGRESSMAN, SENATORS & MARSHALS in America are compelled under Title 28 U.S.C.A Section 1361 of the Federal Rules of Civil Procedure to perform your mandatory, statutory, regulatory, guaranteed, sworn oath & government official duty to collect, procure & Obtain the recorded video surveillance tape with Marcus J. of the Lawrence family being assaulted, battered, tortured, nearly murdered & committed hate crimes against until hospitalized in the Intensive Care Unit.

Plaintiff maintains that "violent crimes" have been committed against him and that Defendants conspired against him to destroy surveillance videos of the crimes which would have shown the truth about the events. In this regard, Plaintiff states that on July 8, 2011, he was assaulted while incarcerated which resulted in his hospitalization. According to Plaintiff, "a wall mounted 240 hour video recording camera . . . captured every event." Plaintiff continues as follows:

> This defendant & large group of (15) white individuals personally "<u>hated & disliked</u>" what this record, video file & material evidence would show, tell, prove & demonstrate beyond all reasonable doubt in any UNITED STATES (FEDERAL) COURT OF LAW.  This large group of white individuals employed by the government knew that the actions they took against him were heinous, violent, illegal, unnecessary, a violation, & a crime that no law, policy, procedure or rule could justify.  This group of white individuals "<u>hated & disliked</u>" what the Warren County Regional Jail's intake, booking & processing room's cameras clearly recorded them doing to a Brown Skinned Man.  Avoiding this record & material evidence; knowing it would be destroyed, they made sure that no other Brown Skinned People or the public would ever get a chance to view this public record, file, eye-witness, informant, information, discovery process item & material evidence of this serious event & violent crime done against a person opposite to their race. . . .  Avoiding this impeaching video record "knowing" that eventually the system would destroy it "ACCIDENTALLY", means their intent, target and goal was to make sure they would never be seen, caught and observed doing the illegal acts committed against him on camera. . . .  Arresting this defendant is warranted and a statutory, mandatory and regulatory duty that must be performed by all United States Officials without exceptions.  This defendant's arrest is lawful and their conviction will be upheld in any court of law.  This defendant's conviction can not be appealed & all relief must be denied; until this defendant provides the record, file and evidence to 100% captured this event.

**II.**

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).  Additionally, this Court is not required to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  In fact, to do so would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). Therefore, "[t]he first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case, even where the parties concede or do not raise or address the issue." *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606-07 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Id.* at 606. The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. at 377.

"It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965). Only federal prosecutors, and not private citizens, have authority to initiate federal criminal charges. *See Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) ("Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch."); *McCrary v.*

*Cty. of Nassau*, 493 F. Supp. 2d 581, 588 (E.D.N.Y. 2007) ("A private citizen does not have a constitutional right to compel government officials to arrest or prosecute another person."); *Osuch v. Gregory*, 303 F. Supp. 2d 189, 194 (D. Conn. 2004) ("An alleged victim of a crime does not have a right to have the alleged perpetrator investigated or criminally prosecuted."). Plaintiff is a private citizen and cannot initiate criminal charges against anyone. He therefore fails to establish the Court's subject-matter jurisdiction over this action, and the action must be dismissed.

To the extent that any of the claims could be construed as claims brought under 42 U.S.C. § 1983, Plaintiff states, "Using Pro Se Court forms & applications to proceed is not appropriate in this serious matter & in forma pauperis contracts and agreements & payments to U.S. Officials to arrest this terrorist is not necessary." Plaintiff has already filed actions under § 1983 in which he raises the alleged conspiracy to destroy the video of the July 8, 2011, events. *See Lawrence v. United States District Court*, Case No. 3:16CV-131-JHM; *Lawrence v. Brown*, Case No. 1:15CV-11-GNS. Further a § 1983 action apparently would be barred by the one-year statute of limitations; thus, so construing this action would be futile. Therefore, the Court does not construe any of the claims as being brought under § 1983.

For the foregoing reasons and Plaintiff having failed to establish this Court's subject-matter jurisdiction, the Court will dismiss the action under Fed. R. Civ. P. 12(h)(3) by separate Order.

Date: September 20, 2016

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
4416.003

4